J-A06014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN FUNARI | |
| Appellant | No. 654 EDA 2019 |

Appeal from the Judgment of Sentence entered January 30, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003962-2017

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED JULY 13, 2020**

Appellant, John Funari, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County imposed on January 30, 2019. Appellant argues that the trial court erred in not granting his post-sentence motion on grounds of after-discovered evidence.  We disagree.  Accordingly, we affirm.

The trial court summarized the relevant background as follows.

On April 24, 2012, Jeffrey Papa and Khalil Mir's rental property, located at 1938 Green Street, in the city and county of Philadelphia, sustained damage from a wind storm.  As a result of the damages, the business partners came into contact with Appellant [], a public adjuster.  Mr. Mir was acquainted with Appellant, and they were friends for several years.  Appellant met with Mr. Mir at the property, assessed the damages, and later discussed the process of filing an insurance claim using a public

_____

* Former Justice specially assigned to the Superior Court.

J-A06014-20

adjuster. Mr. Papa testified that he met with Appellant once with his partner, Mr. Mir. During this discussion, Mr. Papa testified that he, Mr. Mir, and Appellant agreed to an 80/20 split of funds once the insurance company issued them a check.[fn 1] Mr. Papa further testified that this agreement was reduced to writing, but never received a copy of such agreement. This was the last time Mr. Papa heard from Appellant. On December 12, 2012, after attempting to get into contact with Appellant numerous times, Mr. Papa decided to contact his insurance company. He learned that a settlement check for $4,884.75 was already issued and mailed to Appellant. Additionally, the insurance company received a letter of representation signed by Mr. Papa and Mr. Mir, which permitted Appellant to receive the check on their behalf. Again, Mr. Papa continued to reach out to Appellant because he and Mr. Mir had not received their share of the settlement. At the time of the waiver trial, Mr. Papa had still never heard back from Appellant and never received any funds from the settlement.

As it turns out, a check for $4,884.75 was indeed issued to Mr. Papa, Mr. Mir, and Appellant, on October 1, 2012. On October 5, 2012, Appellant signed and deposited that check into his TD account. However, on October 8, 2012, Appellant wrote Mr. Mir the following email:

> The claim was/is open, has been inspected, & last we spoke *I informed you that we are awaiting a check*.
> You are getting $3175 in your pocket, which is for the interior damages/repairs.
> We will address any & all discrepancies in an effort to obtain additional funds.
> In the future please save & forward any and all work related emails to this: JohnAlbertPA@live.com.

Appellant further testified that he wrote a check out to Mr. Papa and Mr. Mir but did not mention any effort to ensure the payment was received and deducted from his TD account.

Despite multiple attempts to notify Appellant that Mr. Papa and Mr. Mir never received a check for any amount, Appellant failed to provide *any* portion of their share from the settlement of funds.[fn 2]

At the waiver trial before Judge Mazzola, on September 25, 2018, Appellant was found guilty of failure to make required disposition of funds under 18 Pa.C.S.A. § 3927. Subsequently, both parties agreed to a stipulated trial for the remaining charges of 63 [P.S.] § 1607 and 63 [P.S.] § 1602 not disposed of at the

- 2 -

first trial date.  In the interim, on December 4, 2018, Appellant filed a post-verdict (*sic*) motion alleging that he found evidence – that he was not privy to during his waiver trial – that would negate the elements of theft by failure to make required disposition of funds and establish Appellant's innocence.

On January 30, 2019, [the trial court] heard and denied Appellant's post-verdict motion for a new trial.  This appeal now follows.

[fn1]  The percentage split of funds to be received is contradicted.  Appellant testifies that it was not an 80/20 split As Mr. Papa claimed, but a 65/35 split.

[fn2]  On March 1, 2013 and March 14, 2013, the Pennsylvania Insurance Department notified Appellant, through certified and First-class mail, that there were allegations that he failed to remit claim proceeds to Mr. Mir and Mr. Papa.

Trial Court Opinion, 9/26/19 at 1-3 (some footnotes omitted) (citations to the record omitted).

Appellant raises two issues for our review.  First, Appellant argues the trial court erred in not granting his motion for a new trial on after-discovered grounds.  Second, Appellant argues that the trial court erred in not holding a hearing on the above motion.

Pennsylvania Rule of Criminal Procedure 720, relating to post–sentence procedures and appeal, provides in pertinent part: "A post–sentence motion for a new trial on the ground of after–discovered evidence must be filed in writing promptly after such discovery."  Pa.R.Crim.P. 720(C).  The Comment to Rule 720 states that:

[A]fter-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after–discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge.

- 3 -

Pa.R.Crim.P. 720, Comment.

As noted above, the after-discovered evidence at issue here was discovered and raised after trial, but before sentencing. Accordingly, the matter was raised properly before the trial court. Additionally, there are no questions about the promptness of the claim. Thus, we may address the merits of Appellant's post-sentence motion.

The parties and the trial court all agree that the pertinent test for deciding whether Appellant is entitled to a new trial is well-established. For convenience, as did Appellant and the trial court, we also rely on **Castro**.[1]

To obtain relief based on after-discovered evidence, Appellant must demonstrate that "[t]he evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict." **Castro**, 93 A.2d at 821 n.7 (citing **Commonwealth v. Pagan**, 950 A.2d 270, 282 (Pa. 2008)). "As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones." **Commonwealth v. Solano**, 129 A.3d 1156, 1180 (Pa. 2015) (citing **Pagan**, 950 A.2d at 292-93). "Unless there has been a clear abuse of discretion, an appellate court will not disturb the trial court's denial of an appellant's motion for a new trial based on after-discovered evidence."

_____

[1] **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014).

*Commonwealth v. Chamberlain*, 30 A.3d 381, 416 (Pa. 2011). Finally, "the proposed new evidence must be producible and admissible." *Id.* at 414 (internal quotations and citation omitted).

As noted above, the trial court allowed argument on Appellant's motion, at which Appellant was able to present a carbon copy of a check he mailed to his clients as their payment on their insurance claim, the transmittal letter for the check indicating that he made the required disposition by USPS mail, and "substantial evidence why these documents were not available to him prior to his trial." *See* Appellant's Rule 1925(b) Statement, 5/14/19.

According to Appellant, the copy of the check and the transmittal letter proved that Appellant did in fact make the required disposition of funds to his clients.[2] The problem with Appellant's argument is that there already was evidence in the record that Appellant made payment.[3] Thus, the copy of the check and the transmittal letter, assuming they would be admissible,[4] *see*

---

[2] In his motion for a new trial, Appellant listed several additional documents as after-discovered evidence. Most of them, however, have no relevance to the matter at issue here. As the Appellant's Rule 1925(b) concise statement and the statement of questions involved on appeal mention only those two documents as relevant of our decision, we will limit our review to them.

[3] At trial, Appellant testified that a payment in the form of check from his TD account was issued to Mr. Mir and Mr. Papa. *See* N.T. Trial, 9/25/19, at 71-72.

[4] It appears the trial court treated Appellant's after-discovered evidence as admissible. However, the trial court did not provide any explanation as to how it reached that conclusion.

***Chamberlain***, 30 A.3d at 414, would only have corroborated his testimony. In his brief, Appellant admits that the after-discovered evidence at issue here is both corroborative and cumulative. Appellant's Brief, at 13-14. However, he also argues that the evidence is not "merely" corroborative and cumulative "in the formulation of ***Castro***", but is in fact dispositive. ***Id.***

The argument is without merit. First, it is unclear how the suggested distinction (*i.e.*, merely corroborative and cumulative vs. corroborative and cumulative) helps Appellant. Second, and more importantly, even if "dispositive," the evidence still had to meet all the ***Castro*** prongs, as acknowledged by Appellant. As explained, Appellant failed to meet the ***Castro*** test. Accordingly, the trial court did not err in finding the proffer corroborative and cumulative of the evidence already existing in the record. ***See*** Trial Court Opinion, 9/26/19, at 6.

In its opinion, the trial court additionally found that the after-discovered evidence would not likely result in a different verdict. Specifically, the trial court noted:

> If taken as true, that the evidence is what Appellant's purports it to be, it would not prompt a different verdict on retrial. The evidence does not explain why Appellant failed to respond to Mr. Papa months after Appellant claims to have sent the check. The newly discovered evidence also does not negate that Appellant was notified twice by the Pennsylvania Insurance Department in March of 2013 because Mr. Papa and Mr. Mir had not received their funds. Furthermore, Appellant was aware, through the Department, of Mr. Papa's multiple attempts to contact him, and even more so by his own bank statements, that Mr. Papa and Mr. Mir never received their funds.

Trial Court Opinion, 9/26/19, at 6.

In response to the above analysis, Appellant argues that it is irrelevant for purposes of determining criminal liability for theft by failing to make required disposition of funds whether the recipient of the dispositions ever received the funds. Appellant misreads the trial court's analysis. The trial court's analysis is in fact focused on whether Appellant made the required dispositions. To the extent the trial court notes that the recipients never received payment from Appellant, this fact is mentioned only as a factor undermining Appellant's credibility regarding the alleged payment. We agree with the trial court analysis and conclusions. We conclude, therefore, Appellant failed to meet the ***Castro*** test.

Regarding Appellant's claim that the trial court failed to hold a hearing on his after-discovered evidence claim, we agree with the Commonwealth. Appellant waived this claim by failing to include it in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/20